UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/23/2026

ROBERT DEREK LURCH JR.,

Plaintiff,

-against-

SAINT BARNABUS HOSPITAL; THE CITY OF NEW YORK; ESCORTING NYPD OFFICER THAT WAS INITIALLY WITH PLAINTIFF WHEN HE WAS TRANSFERRED TO SBS; DOCTOR GVILI; NURSE THAT ADMINISTERED MEDICATION (OR NURSES),

Defendants.

26 Civ. 9035 (AT)

**ORDER OF SERVICE**

ANALISA TORRES, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under 42 U.S.C. § 1983, alleging that Defendants forcibly medicated him while he was in custody of the New York City Police Department ("NYPD"). Plaintiff brings claims for violations of his right to procedural and substantive due process under the Fourteenth Amendment, due process claims under the New York State Constitution, claims for violations of New York Mental Hygiene Laws §§ 33.03 and 33.04, common law claims for "right to bodily autonomy," negligence, medical malpractice, and battery. Plaintiff may also be asserting claims under Section 1983 for false arrest, New York Public Health Law § 2805-d for violation of his right to informed consent and New York Civil Rights Law § 85. By order dated October 26, 2026, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court (1) requests that the City of New York waive service of summons; (2) directs service on Saint Barnabus Hospital and Dr. Gvili; and (3) directs counsel for the City of New

York and Saint Barnabus Hospital to assist Plaintiff in identifying the NYPD officer and nurse, respectively, that he seeks to sue.

**DISCUSSION**

**A. Waiver of service**

The Clerk of Court is directed to electronically notify the NYPD and the New York City Law Department of this order. The Court requests that the City of New York waive service of summons.

**B. Service on Saint Barnabus Hospital and Dr. Gvili**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the assistance of the Court and the U.S. Marshals Service to effect service.[1] *See Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendants Saint Barnabus Hospital and Dr. Helena Gvili through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued.

If the complaint is not served on these defendants within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

### C. *Valentin* order

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit the City of New York to identify the John Doe NYPD officer who transported Plaintiff to Saint Barnabus Hospital on September 8, 2026. It is therefore ordered that the New York City Law Department, which is the attorney for and agent of the City of New York, must ascertain the identity and badge number of the John Doe whom Plaintiff seeks to sue here and the address where the defendant may be served.[2] The Law Department must provide this information to Plaintiff and the Court within sixty days of the date of this order.

Plaintiff also supplies sufficient information for Saint Barnabus Hospital to identify the nurse or nurses whom Plaintiff alleges forcibly medicated him on September 8, 2026. It is therefore ordered that counsel for Saint Barnabus Hospital must ascertain the identity of the nurse or nurses whom Plaintiff seeks to sue here and the address where the defendant(s) may be

---

[2] If the Doe defendant is a current or former NYPD employee or official, the Law Department should note in the response to this order that an electronic request for a waiver of service can be made under the e-service agreement for cases involving NYPD defendants, rather than by personal service.

served. Counsel for Saint Barnabus Hospital must provide this information to Plaintiff and the Court within sixty days of the date of this order.

Within thirty days of receiving this information from the Law Department and Saint Barnabus Hospital, Plaintiff must file an amended complaint naming the previously unidentified defendant(s). The amended complaint will replace, not supplement, the original complaint. An amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order directing that the newly identified defendants be served or waive service of summons.

**CONCLUSION**

The Clerk of Court is directed to electronically notify the New York City Police Department and the New York City Law Department of this order. The Court requests that the City of New York waive service of summons and that the New York City Law Department respond as directed in the *Valentin* order.

The Clerk of Court is further directed to issue a summons for Defendants Saint Barnabus Hospital and Dr. Helena Gvili, complete the USM-285 form with the address for each of these defendants, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is also directed to mail a copy of this order and the complaint to Saint Barnabus Hospital ATTN: Legal Department at: 4422 3rd Avenue, Bronx, NY 10457.

The Clerk of Court is directed to mail an information package to Plaintiff.

SO ORDERED.

Dated: November 23, 2026
New York, New York

ANALISA TORRES
United States District Judge

## SERVICE ADDRESS FOR EACH DEFENDANT

1. Saint Barnabus Hospital
   4422 3rd Avenue
   Bronx, NY 10457

2. Dr. Helena Gvili
   Saint Barnabus Hospital
   4422 3rd Avenue
   Bronx, NY 10457